IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD TAYLOR,

        Plaintiff

VS.

TIMOTHY JONES, *et al.*,

        Defendants

NO. 5:06-CV-251 (WDO)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

Plaintiff herein has requested this court to provide legal representation for him in the above-captioned proceeding (Tabs #20 and #24). The undersigned has previously denied the plaintiff's request for counsel as premature in an order dated September 7, 2006. Tab #7. The plaintiff is reminded that no general right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The plaintiff is again assured that the court <u>on its own motion</u> will consider assisting plaintiff in securing legal counsel <u>if and when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

In the meantime, by separate order, the undersigned is directing the defendants to provide a SPECIAL REPORT on plaintiff's medical condition and treatment, past and present, focusing most particularly on medication prescribed by medical personnel and whether or not such medication has been provided and is currently being provided to plaintiff Taylor as prescribed.

Accordingly, plaintiff's motions for appointment of legal counsel (Tabs #20 and #24) are **DENIED** at this time pending further inquiry by the court.

SO ORDERED, this 13th day of MARCH, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE