IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD TAYLOR,

                Plaintiff

    VS.                                NO. 5:06-CV-251 (WDO)

TIMOTHY JONES, *et al.*,

                Defendants     **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                        **BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Defendants herein have filed motions seeking summary judgment against the plaintiff in the above-styled case. Tabs #28 and #30. In lieu of filing a response to the defendants' motions, plaintiff EDWARD TAYLOR has filed two motions seeking dismissal of this case *without prejudice*. Tabs #39 and #41. The plaintiff filed the instant action *pro se*, and his motions seek dismissal so that he might find an attorney to represent him in a suit against the same defendants. In short, he contemplates re-filing the instant case once he obtains an attorney.

When a *pro se* plaintiff files suit, he must be prepared to diligently proceed with its prosecution to the end. He cannot go through all pre-trial matters before realizing that he is ill-equipped to represent himself, and then dismiss the case after the defendants have gone through the expense and trouble of defending themselves. To require defendants to twice defend against the same allegations is not appropriate.

Accordingly, IT IS RECOMMENDED that the plaintiff's Motions to Dismiss (Tabs #39 and #41) be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Also before the court is the plaintiff's **MOTION TO STOP SUMMARY JUDGMENT**. Tab #44. The undersigned will treat this filing as an untimely response to the defendants' Motion for Summary Judgment. It is therefore **DENIED** as untimely filed and not considered in this court's evaluation of the defendants' motions.[1]

Finally, the plaintiff has filed a **MOTION FOR FREEDOM OF INFORMATION ACT** (Tab #42) which asks the court to assist the plaintiff in obtaining medical and mental records pursuant to the Freedom of Information Act. It is not the responsibility of the court to provide information regarding potential claims or defenses involved in litigation. Additionally, the plaintiff's motion was filed more than a month after the date on which his response to the defendants' motions for summary judgement were due. Accordingly, the plaintiff's motion (Tab #42) is **DENIED**.

SO ORDERED AND RECOMMENDED this 29th day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] In this court's Order dated May 29, 2007, the undersigned afforded the plaintiff until Monday, June 18, 2007, in which to respond to the defendants' motions. Tab #37. He filed his Motion to Stop Summary Judgment on August 28, 2007, well after the deadline set by the court.